***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

| | | |
|---|---|---|
| NORTHROP CORPORATION,<br>EMPLOYEE INSURANCE BENEFIT<br>PLANS MASTER TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 08-23 T**<br><br>Chief Judge Edward J. Damich |

**UNOPPOSED MOTION FOR SUSPENSION OF OR, IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

Defendant, the United States of America, moves this Court for a suspension of the proceedings in this case, or in the alternative, for a sixty (60) day enlargement of its time to answer or otherwise respond to the Complaint. No suspension or enlargement has been previously requested. Plaintiff's counsel has advised the undersigned that plaintiff does not oppose either suspension of the case or an enlargement of defendant's time to respond to the Complaint. As good cause for this request, defendant states as follows:

**Motion for Suspension.** This is a tax-refund case. Plaintiff is Northrop Corporation Employee Insurance Benefit Master Plans Trust, a voluntary employee benefit association ("VEBA") under section 501(c)(9) of the Internal Revenue Code. Complaint, ¶ 18. Plaintiff seeks a refund of income taxes it paid on unrelated business taxable income ("UBTI") during four tax years – 1999, 2000, 2001, and 2002. Complaint, ¶¶ 20-25. Plaintiff alleges that the amounts it reported as UBTI should instead "have been excluded as exempt function income

within the meaning of section 512(a)(3)(A) and (B)" of the Internal Revenue Code. Complaint, ¶ 25.

At the heart of this case is a legal question. Section 501(a)(3)(E) of the Code limits the amount of UBTI that a VEBA can classify as "exempt function income" and thereby exclude from tax. Defendant contends that this limitation applies to all UBTI set aside to provide benefits, whether the funds were spent during the year or not. Plaintiff suggests instead that the limitation applies only to UBTI earned that was unspent at the end of the tax year. The U.S. Tax Court agreed with defendant's interpretation. *See Sherman Williams Co. Employee Health Plan Trust v. Commissioner*, 115 T.C. 440 (T.C. 2000), *rev'd*, 330 F.3d 449 (6th Cir. 2003). The Sixth Circuit agreed with plaintiff's interpretation. *See Sherman Williams Co. Employee Health Plan Trust v. Commissioner*, 330 F.3d 449 (6th Cir. 2003). The Federal Circuit has not considered the issue.

The same legal question arises in *CNG Transmission Management VEBA v. United States*, Fed. Cl. No. 06-541 T (filed July 27, 2006), which is pending before Judge Lynn J. Bush. Eric R. Fox, who is plaintiff's counsel here, is also counsel for *CNG* in that case. The undersigned is counsel of record for the government in both cases. Discovery has recently concluded in the *CNG* case, and the parties are preparing to brief the key legal question on cross-motions for summary judgment. Both *CNG* and the Government have stated that they intend to appeal an averse decision to the Federal Circuit.

Defendant believes that economy would best be served by suspending this case until this Court has entered judgment in the *CNG* case and any subsequent appeal has been resolved by the Federal Circuit. If the Government were to prevail in *CNG*, then plaintiff's claims in this case

would likely fail. If CNG were to prevail, on the other hand, then the parties could possibly streamline further proceedings in this case. In that event, while discovery would be necessary for the Government properly to apply the law to plaintiff's individual factual situation, such discovery could possibly be streamlined. Or the parties could attempt to resolve any remaining factual issues during ADR proceedings – proceedings that would be predestined to fail before the legal question is finally resolved by the Federal Circuit. In sum, this case could either be resolved entirely or further proceedings would be streamlined by final resolution of the disputed legal issue in the *CNG* case now pending in this Court.

If the parties were to litigate this case now, any efficiencies that may follow from prior resolution of the *CNG* case would be lost. Plaintiff and defendant would be required to expend time and resources in settling the pleadings and in taking discovery. Judicial resources would be necessary in order to manage proceedings in the case and potentially to address the disputed legal issue on dispositive motions. Defendant respectfully suggests that the Court should suspend further proceedings in this case so that those efficiencies can be realized. Plaintiff's counsel has authorized the undersigned to report that plaintiff concurs with defendant's view.

**Alternative motion for enlargement of time to respond to the complaint.** In the alternative, should the Court deny defendant's unopposed motion for suspension of proceedings, defendant respectfully requests a 60-day enlargement of its time to answer or otherwise respond to the complaint.

Upon receipt of the complaint, defendants' counsel forwarded a copy to the Office of Chief Counsel of the Internal Revenue Service, along with a request to assemble the relevant files. Defendant's counsel has been advised by the Service that it has not finished gathering the

administrative files. It is essential for defendant's counsel to analyze the administrative files in order for defendant to prepare an informed and proper response to plaintiff's complaint. The sixty-day enlargement sought by this motion should allow defendant's counsel time to receive and review the IRS administrative files before answering or otherwise responding to the complaint.

Defendant respectfully requests, in the alternative to its motion for suspension, a sixty-day enlargement of its time to answer or otherwise respond to the Complaint, from March 14, 2008 until May 13, 2008. No enlargement has been previously requested. Plaintiff's counsel has advised the undersigned that plaintiff does not oppose a sixty-day enlargement of defendant's time to respond to the Complaint.

Respectfully submitted,

March 14, 2008

s/Jason Bergmann
Jason Bergmann
U. S. Department of Justice Department
Tax Division
Court of Federal Claims Section
Voice (202) 616-3425
Fax (202) 514-9440
*jason.bergmann@usdoj.gov*

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

s/G. Robson Stewart
Of Counsel